IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3568-WJM-SKC

CONDOMINIUM ASSOCIATION OF WHISPERING PINES OF DENVER,

    Plaintiff,

v.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this action, Plaintiff Condominium Association of Whispering Pines of Denver ("Plaintiff") sues Defendant QBE Specialty Insurance Company ("Defendant") for breach of contract and statutory unreasonable delay or denial of insurance benefits in violation of Colorado Revised Statutes §§ 10-3-1115 and -1116.  (ECF No. 4.)  Currently before the Court is Defendant's Motion for Partial Summary Judgment (ECF No. 38) ("Motion"). Plaintiff filed a response (ECF No. 41), and Defendant filed a reply (ECF No. 44).

For the reasons stated below, the Motion is denied.

**I. LEGAL STANDARD**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if

the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. MATERIAL FACTS[1]

Defendant issued Plaintiff a commercial property insurance policy ("Policy") for the period from September 25, 2015, to September 25, 2016, covering the property located at 7755 East Quincy Avenue, Denver, Colorado ("Property"). (ECF No. 38 at 4.) On or about February 2, 2017, Plaintiff submitted a claim to Defendant for alleged hail damage to the Property that occurred on July 15, 2016. (*Id.* at 4–5.) Defendant retained Brian Bonnot of VeriClaim as an independent adjuster to assist with claim investigation and evaluation. (*Id.* at 5.) Bonnot met with Derek O'Driscoll, Plaintiff's public adjuster, for an initial inspection of the Property on February 13, 2017. (*Id.*)

On or about February 20, 2017, Defendant retained structural/civil engineer Kelly Huff of S-E-A, Ltd. ("S-E-A") to evaluate the extent of any hail damage to the Property. (*Id.*) Defendant also retained building consultant Chris Warlow of Unified Building Services, Inc. ("UBS") to prepare a cost estimate for hail-related repairs. (*Id.*) S-E-A and UBS inspected the Property over the course of seven days between March 1 and

---

[1] The following facts are taken from the Statement of Material Facts section of the Motion. (ECF No. 38 at 4–8.) All facts therein are undisputed. (ECF No. 41 at 4.)

2

15 of 2017. (*Id.*) Following the inspection, S-E-A prepared an engineering report identifying hail damage to various parts of the Property, and UBS prepared a cost-of-repair estimate based on S-E-A's findings. (*Id.* at 5–6.) Because the actual cash value of the UBS estimate fell below the Policy's deductible, Defendant issued no payment at that time. (*Id.* at 6.)

On December 6, 2017, O'Driscoll submitted Plaintiff's proof of loss, which totaled nearly 6,000 pages. (*Id.*) It included a repair estimate that claimed significant damage not noted in S-E-A's report, and it estimated replacement and actual cash values in excess of $6 million. (*Id.*) The proof of loss reflected that Plaintiff's experts had performed destructive testing of the Property's flat roofs without informing Defendant or inviting S-E-A or UBS to participate. (*Id.*) Upon reviewing the proof of loss, S-E-A requested permission to perform its own destructive testing, which was performed from August 20 through 23 of 2018. (*Id.* at 7.)

On October 9, 2018, S-E-A provided supplemental engineering opinions that the Property's flat roof membranes had experienced only non-functional damage. (*Id.*) Based on the supplemental report, however, Defendant provided replacement coverage and sought a supplemental repair estimate from UBS. (*Id.*) UBS's supplemental estimate provided a replacement cost of approximately $4 million, and on December 27, 2018, Defendant issued an actual cash value payment of approximately $2.5 million, accounting for the recoverable depreciation and applicable deductible. (*Id.* at 8.)

### III. ANALYSIS

Defendant seeks summary judgment only as to Plaintiff's statutory denial or delay claim. (ECF No. 38 at 8.) In Colorado, a person "engaged in the business of

insurance shall not unreasonably delay or deny payment" to an insured. Colo. Rev. Stat. § 10–3–1115(1)(a). To establish a claim under § 10–3–1115, a plaintiff "must therefore show that: (1) benefits were owed under the policy and (2) defendant unreasonably delayed or denied payment of plaintiff's claim." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1201 (D. Colo. 2018). An insurer's action is unreasonable if it denies or delays payment without a reasonable basis. *See Turner v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1297844, at *3 (D. Colo. Mar. 19, 2015) (citing Colo. Rev. Stat. § 10–3–1115(2)).

Defendant's argument that it is entitled to summary judgment boils down to a single sentence: Because it relied on the opinions of retained expert building consultants and engineers (S-E-A and UBS), Defendant *per se* acted reasonably and cannot be liable for bad faith. (ECF No. 38 at 8, 11–16.) The keystone of this argument is *Yale Condominiums Homeowner's Association v. American Family Mutual Insurance Company*, 2021 WL 12222518 (D. Colo. Apr. 1, 2021). (*See* ECF No. 38 at 9–11.) In *Yale Condominiums*, United States Magistrate Judge Kathleen M. Tafoya relied on *Board of County Commissioners of the County of Jefferson v. Auslaender*, 745 P.2d 999 (Colo. 1987) (en banc) for the proposition that under Colorado law acting "without a reasonable basis" means "pursuing a groundless position that is not supported by any credible evidence." *Yale Condos.*, 2021 WL 12222518, at *8. Applying this statement to the case before her, Judge Tafoya found an insurer was entitled to summary judgment in part because its "coverage position was supported by two independent adjuster inspections and reports and an engineering inspection and report." *Id.* Defendant, therefore, argues it too is entitled to summary judgment.

4

The Court has considered *Yale Condominiums* as well as *Palm v. Esurance Property and Casualty Insurance Company*, 2023 WL 2503511 (D. Colo. March 14, 2023), a recent decision by United States District Judge Nina Y. Wang discussing *Yale Condominiums*. The Court is persuaded by the analysis in *Palm* and agrees with Judge Wang that the rule announced in *Auslaender* is not "the only theory of bad faith." *Id.* at *7.

> Instead, the Court remains guided by the standard set forth [in] *Trimble*: "the standard of conduct of an insurer in relation to its insured in a third party context [is] characterized by general principles of negligence," and "[t]he question of whether an insurer has breached its duties of good faith and fair dealing with its insured is one of reasonableness under the circumstances." [*Farmers Grp. Inc. v.*] *Trimble*, 691 P.2d [1138,] 1142 [Colo. 1984)]. "To establish that the insurer breached its duties of good faith and fair dealing" in the third-party context, "the insured must show that a reasonable insurer under the circumstances would have paid or otherwise settled the third-party claim." *Goodson* [*v. Am. Standard Inc. Co.*], 89 P.3d [409,] 415 [(Colo. 2004)].

*Id.* (second and third alterations in original). A division of the Colorado Court of Appeals reaffirmed that *Trimble* is still good law in February 2021, shortly before Judge Tafoya's order in *Yale Condominiums*. *See State Farm Mut. Auto. Ins. Co. v. Goddard*, 484 P.3d 765, 773 (Colo. App. 2021) (citing *Trimble* for the "relevant inquiry" in determining the reasonableness of an insurer's delay or denial of an insurance benefit).

"'Ordinarily, what constitutes reasonableness under the circumstances is a question of fact for the jury.'" *Id.* at 1203 (quoting *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008)). And the Colorado Supreme Court has held that "section 10–3–1115's plain language is clear, and it imposes the duty it says it imposes—that is, an insurer can't unreasonably delay or deny paying a covered benefit without a reasonable basis for doing so." *Fisher*, 418 P.3d at 506.

With these standards in mind, the Court concludes that Plaintiff has produced sufficient evidence to create a genuine dispute of material fact. Defendant argues in its reply that Plaintiff's evidence shows, at most, a mere disagreement in the value of the claim. (ECF No. 44 at 12–15.) The Court agrees that mere disagreement does not support a bad faith claim, *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010); however, the Court disagrees mere disagreement is all Plaintiff's evidence supports. Specifically, the Court finds at least the following disputes of material fact bear on the reasonableness of Defendant's conduct under the circumstances and must be determined by a jury:

- Whether Bonnot's initial inspection met insurance industry standards (ECF No. 41-1 at 22, 26–27); and
- Whether Defendant's reliance on the S-E-A and UBS's reports in preparing the initial adjustment met insurance industry standards (*id.* at 22–25).[2]

Because the Motion focuses entirely on whether Defendant's reliance on its hired experts and engineers insulates it from liability, the Court's list is necessarily non-exhaustive. Given this genuine dispute of material facts concerning the reasonableness of Defendant's conduct, the Motion will be denied.

---

[2] Defendant comments that Miller "is simply not qualified to opine on matters of engineering or the proper protocol for a forensic engineering investigation." (ECF No. 44 at 13 (citing *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1049 (D. Colo. 2011).) First, the Court notes that Defendant has not filed a motion under Federal Rule of Evidence 702. *See* WJM Revised Practice Standards III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion.") (emphasis in original). Further, Miller is not offering opinions on the proper protocol for forensic engineering investigation—he is offering opinions on insurance industry standards when utilizing expert engineer and building consultant reports. (ECF No. 41-1 at 22–27.)

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Partial Summary Judgment (ECF No. 38) is DENIED; and

2. Pursuant to United States Magistrate Judge S. Kato Crews's Order (ECF No. 32), the parties are DIRECTED to contact Judge Crews's chambers by no later than **August 11, 2023**, to schedule the Final Pretrial Conference.

Dated this 9th day of August, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge